Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301

JS-6

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> KIMCO STAFFING SERVICES, INC., RYDER INTEGRATED LOGISTICS, INC., <br><br> Defendant Ryder. | Case No.: 5:19-cv-01838 JFW (SPx) <br><br> **CONSENT DECREE RE: DEFENDANT RYDER INTEGRATED LOGISTICS, INC.; ORDER** |

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Ryder Integrated Logistics, Inc. ("Defendant Ryder") (Plaintiff and Defendant Ryder collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant Ryder in *U.S. Equal Employment Opportunity Commission v. Defendant Kimco Staffing Services, Inc. and Ryder Integrated Logistics, Inc.*; Case No. 5:19-cv-01838 (the "Action"). On September 25, 2019, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendant Ryder and Defendant Kimco Staffing Services, Inc. (collectively, "Defendants") subjected Charging Party Regina Fisher ("Charging Party") and a class of similarly situated Black employees to harassment and discrimination based on race and retaliation. Defendant Ryder denies any violation of Title VII and states that it did not harass, discriminate or retaliate against Charging Party or a class of similarly situated Black employees.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendant Ryder and shall be binding on and enforceable against Defendant Ryder, as well as its parents, subsidiaries, officers, directors, agents, successors and assigns.

A. The Parties have entered into this Decree for the following purposes:

    1. To provide appropriate monetary and injunctive relief;

    2. To ensure Defendant Ryder's employment practices comply with Title

VII;

3. To ensure that Defendant Ryder maintains a work environment free from race discrimination and retaliation;

4. To modify Defendant Ryder's policies, procedures, and practices to prevent and/or correct race discrimination and retaliation to the extent applicable and necessary;

5. To ensure training for Defendant Ryder's employees, managers, supervisors, human resources personnel, as specified below, with respect to the pertinent laws regarding racial harassment, discrimination, and retaliation;

6. To ensure that Defendant Ryder includes a provision in any future contract with a third-party staffing company for the duration of the Consent Decree that requires said company to prohibit discrimination, harassment and retaliation;

7. To provide an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

8. To ensure appropriate record keeping, reporting, and monitoring; and

9. To avoid the expense and protracted cost incident to this litigation.

B. Charging Party Fisher's claims arise from her assignment at a facility located at 25300 Globe Street, Moreno Valley, CA 92551 (the "Globe Street facility") operated by a client of Defendant Ryder's Supply Chain Division. Defendant Ryder ended its contract with the entity operating the Globe Street facility and no longer has any employees at the facility. Therefore, except where otherwise specified, the scope of this Decree shall apply to Ryder's operations at the facility located at 1600 Proforma Ave., Ontario, CA 91761 (the "Covered Facility").

C. This Decree does not constitute an adjudication on the merits of the EEOC's case, and it shall not be construed as an admission by Defendant Ryder of any

discriminatory, harassing, or retaliatory conduct.

D.     Ryder denies that it was a joint employer for purposes of this Consent Decree, but relief may be provided to employees of both Ryder and Kimco.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims, and allegations raised or that could have been raised by the EEOC against Defendant Ryder in this Action, including the Title VII allegations raised or that could have been raised against Defendant Ryder by any Eligible Claimant, including in EEOC Charge Nos. 480-2017-00656, 480-2019-03009, and 480-2019-02936.

B.     Nothing in this Decree shall be construed to limit or reduce Defendant Ryder's obligation to comply fully with Title VII or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges not resolved through this Decree that may later arise after the Effective Date against Defendant Ryder in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.     The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

-4-

D. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties expressly agree that if the EEOC has reason to believe that Defendant Ryder has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to

initiating such action, the EEOC will notify Defendant Ryder in writing of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendant Ryder has violated or breached. Defendant Ryder shall have forty-five (45) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

C.     After forty-five (45) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

D.     In the event of non-payment of monies under this Decree, Defendant Ryder will have ten business (10) days from receipt of written notice to cure the breach. The aforementioned forty-five (45) days meet and confer requirement does not apply to non-payment of funds.

## VIII.

## **MONETARY RELIEF**

A.     <u>Establishing the Class Fund</u>

1.     In settlement of this lawsuit, Defendant Ryder shall pay a total gross sum of $1,000,000.00 in monetary relief ("Total Settlement Amount" or "Class Fund").

2.     The Class Fund shall be used to make payments to the Charging Parties and all Eligible Claimants identified by the EEOC after the Effective Date. The EEOC has sole discretion to determine who is an Eligible Claimant and the amounts to be allocated to the Charging Parties and each Eligible Claimant from the Class Fund. The EEOC has identified 121 individuals as potential claimants, and anticipates that it will distribute funds to more than 121 individuals; however,

the EEOC retains discretion to determine who is an Eligible Claimant and the amount each Eligible Claimant will receive.

3.     The EEOC shall determine who is eligible to be a Claimant based on the EEOC's assessment of their facts and damages under Title VII.  The EEOC's determination of these issues is final, and Defendant Ryder will neither participate in, nor object to, those determinations.

B.     Claims Administrator

1.     Within thirty (30) days of the Effective Date, Defendant Ryder shall appoint a specific qualified individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the Claims Distribution Process. If the Claims Administrator initially appointed thereafter declines to serve or to carry out its duties under this Decree, Defendant Ryder shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator. The Claims Administrator will work with the EEOC to ensure the distribution of the Class Fund.   Defendants will be responsible for the costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

2.     Within thirty (30) days after the Claims Administrator has been appointed, Defendant Ryder shall pay the Total Settlement Amount ($1,000,000.00) to the Claims Administrator by wire transfer.

C.     Claims Distribution Process

1.     *List of Eligible Claimants.*  Defendant Ryder has provided the EEOC with a list of all African-American employees who worked for Defendant Ryder at the Globe Street Facility at any point between May 10, 2016 and the Effective Date ("List of Eligible Claimants").

2.     *Claims Notice.*  Within forty-five (45) days of the Effective Date, the Claims Administrator shall send a Claims Notice, approved by the EEOC, via electronic and/or U.S. mail to the individuals included on the List of Potential

Claimants. Those individuals already identified by the EEOC as Eligible Claimants will not be sent a questionnaire.

3. *Undeliverable Mailings.* For letters returned as undeliverable, within twenty (20) days of the Claims Notice being returned to sender as undeliverable, the Claims Administrator shall conduct database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address. If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s).

4. *Website and Claims Questionnaire.* Within forty-five (45) days of the Effective Date, the Claims Administrator may establish a secure website that provides information regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire. The secure website shall include an embedded Claims Questionnaire provided by the EEOC. The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or any Potential Claimant. The secure website shall include phone, mail and email contact information for the Claims Administrator and the EEOC. The secure website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire. The Claims Administrator shall provide the EEOC with secure electronic access to the Claims Questionnaires filed online and/or via paper.

5. *Distribution List.* The EEOC shall provide the Claims Administrator a Distribution List(s) that identifies each Eligible Claimant's name, their current addresses, the amount to be paid to each Eligible Claimant, and the characterization of the amount sent to the Eligible Claimant ("Distribution List"). The EEOC will issue a separate Distribution List for the Charging Parties. The

Charging Parties and the Eligible Claimants under this Decree will be sent a Release that is attached as Exhibit A by the Claims Administrator. Upon receipt of the executed Release, the Claims Administrator shall send via mail a check for the full amount specified by the EEOC to each Charging Party and Eligible Claimant as identified on each Distribution List(s). Within five (5) days of issuance of settlement checks, the Claims Administrator shall submit copies of the executed Releases and any related correspondence to the EEOC and Defendant Ryder. The EEOC, based upon the claims process, will submit subsequent Distribution Lists until the Class Fund is fully distributed.

6. *Characterization of Payments.* The Parties agree to characterize the monetary relief amount to each Claimant as a non-wage payment for alleged emotional distress damages for which the Claims Administrator shall issue a Form 1099 to each Claimant in the amount of his/her non-wage monetary relief and tax withholdings shall not be made for that amount. The Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Claimants shall be responsible for their own tax reporting with respect to non-wage payments for which Form 1099s are issued. Ryder makes no representations or warranties regarding tax consequences or obligations resulting from any payments made to Claimants. Within thirty (30) days of issuance of the aforementioned tax forms, the Claims Administrator shall submit copies and any related correspondence to the EEOC.

7. *Non-Negotiated Checks.* On a quarterly basis throughout the duration of this Decree, the Claims Administrator shall provide the parties with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution.

8. *Remaining Funds.* On a quarterly basis throughout the duration of this Decree, the Claims Administrator will notify the Parties of the remaining

amount available out of the Total Settlement Amount. The EEOC will provide a final Distribution List of any remaining Class Fund money.

**IX.**

**CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

A.    Employment with Defendant Ryder

      The Parties agree that nothing herein shall preclude the Charging Parties and Eligible Claimants from applying for employment with Defendant Ryder.  Should they apply for employment, Defendant Ryder reserves its right not to hire any of them for any legitimate, non-discriminatory and non-retaliatory reasons.  If such a decision is made, then Defendant Ryder will provide a rationale and any supporting documents to the EEOC during its reporting period.

**X.**

**GENERAL INJUNCTIVE RELIEF**

A.    Anti-Discrimination

      Defendant Ryder, specifically its management, agents and assigns (to the extent within Defendant Ryder's control) nationwide hereby agree to refrain from: (a) engaging in harassment of any person(s) on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's race; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race.  In addition, Defendant Ryder shall include a provision in any future contract with a third-party staffing company nationwide that requires said company to prohibit discrimination during the term of this Decree.

B.    Anti-Retaliation

      Defendant Ryder, specifically its management, agents and assigns (to the extent within Defendant Ryder's control) nationwide hereby agree to refrain from implementing or permitting any action, policy or practice that subjects any current

employee to retaliation, because he or she has in the past, or during the term of this Decree:

 1. Opposed any practice that he or she reasonably believed to be race-based harassment, discrimination or retaliation;

 2. Filed a charge of discrimination alleging such practice;

 3. Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

 4. Was identified as a Potential Claimant in this Action;

 5. Asserted any right under this Decree; or

 6. Sought and/or received any relief in accordance with this Decree.

In addition, Defendant Ryder shall include a provision in any future contract with a third-party staffing company nationwide that requires said company to prohibit retaliation during the term of this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

A. <u>Equal Employment Opportunity Coordinator</u>

 Defendant Ryder has selected Lesley Kerr, the Vice President of Global Human Resources, to be designated as Defendant Ryder's Equal Employment Opportunity Coordinator ("Coordinator"). The Coordinator shall monitor Defendant Ryder's compliance with Title VII, and the provisions of this Decree. For the term of this Decree, the Coordinator's responsibilities shall include:

 1. Monitoring that all employees at Defendant Ryder's Covered Facility, including supervisory, management, and human resource employees are trained pursuant to this Decree on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of race-based harassment, discrimination, and retaliation;

 2. Monitoring that all employees at Defendant Ryder's Covered Facility,

including supervisory, management, and human resource employees, are trained pursuant to this Decree on any Revised Policy;

3. Monitoring any investigation of any complaint of race-based harassment, discrimination, or retaliation at Defendant Ryder's Covered Facility to ensure compliance with Title VII and this Decree;

4. Monitoring that Defendant Ryder creates, for its Covered Facility, a centralized system of tracking race-based harassment, discrimination, or retaliation complaints and ensuring the audits pursuant to Section XI.B are conducted and follow up is done, if needed;

5. Ensuring mechanisms are in place to hold supervisors and managers accountable for compliance with EEO laws at the Covered Facility;

6. Monitoring of the claimant specific injunctive relief provided for herein;

7. Ensuring the distribution of documents and/or information under this Decree;

8. Preparing a semi-annual report on Defendant Ryder's compliance with this Decree pursuant to Section XI.L.2;

9. Monitoring that Defendant Ryder accurately compiles and timely submits all reports by required this Decree; and

10. Otherwise monitoring Defendant Ryder's compliance with this Decree and Title VII.

B. EEO Compliance Audits

1. *Semi-Annual Audits.* On a semi-annual basis throughout the term of the Decree, the Coordinator shall conduct unannounced audits at the Covered Facility to ensure that current and prospective employees of all races are being treated equally with regard to hiring, delegation of duties, assignment to teams, number of hours, work shifts, promotions, discipline, and other terms and conditions of employment and are not being subjected to racial harassment. The

Coordinator shall also evaluate whether supervisors, managers, and Human Resources employees are properly handling complaints of discrimination, harassment, and/or retaliation. The Coordinator will evaluate how complaints by any worker are handled and encourage employees and workers at the Covered Facility to report problems of harassment, discrimination, or related retaliation. The Coordinator shall speak with employees and temporary workers to ensure compliance with anti-discrimination, harassment and retaliation policies and procedures. To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads. Any remedial action arising from conduct signaling racial discrimination, harassment or related retaliation will be reviewed by the Coordinator.

 2. *Complaint Audits.*

 The Coordinator shall review the Complaint Log described in Section XI.F on a monthly basis, at a minimum, and report back in the semi-annual report regarding Defendant Ryder's implementation of the Complaint Log. The Coordinator shall have access to all records and call logs regarding complaints of race harassment, discrimination, or related retaliation at the Covered Facility. The Coordinator shall, at a minimum, review all complaints and the investigative actions taken with respect to those complaints where the allegations involve race harassment and/or discrimination and/or retaliation. The Coordinator shall assess whether Defendant has responded to these complaints by conducting a timely, thorough, and objective investigation, where applicable, and report back to the EEOC in its semi-annual report.

 3. *Audit Reports.* The Coordinator's semi-annual report shall include the results of the audits in Section XI.B including assessments and recommendations for remedying all identified issues with race discrimination, harassment, and/or retaliation.

C.    Policies and Procedures

   *1.    Scope.* Defendant Ryder shall implement the policies set out in Section XI.C and XI.D to apply to all of its employees nationwide.

   *2.    Review of Policies and Procedures*

   Within forty-five (45) days of the Effective Date, Defendant Ryder shall review and, if required under the provisions set forth below, revise its written employment policies prohibiting discrimination in the terms and conditions of employment, including but not limited to hiring, firing, and promoting employees, and harassment and retaliation on the basis of race. Defendant Ryder's policies and procedures shall also address compliance with state and federal law at its worksites, including prevention of racial discrimination and harassment, and an assurance that Defendant Ryder will conduct a timely, thorough and objective investigation and take appropriate disciplinary action where it has found individuals to have engaged in racial discrimination, racial harassment, or retaliation in violation of its policy. Within forty-five (45) days of the Effective Date, Defendant Ryder shall provide the EEOC with a copy of its Policies and Procedures, whether they have been revised or not.

   Any Policies and Procedures shall be written in a clear, easy to understand style and format, in language(s) commonly spoken by Defendant Ryder's employees.

   At all times, any revised Policies and Procedures shall, at a minimum, include:

   (a) a strong and clear commitment to a workplace free of race discrimination, harassment and retaliation;

   (b) a description of race discrimination, race harassment, and retaliation, including examples of prohibited conduct and conduct which, if left unchecked, may rise to the level of unlawful harassment or discrimination;

   (c) assurance that Defendant shall take appropriate disciplinary action up to

-14-

and including termination against employees found to engage in conduct that violates its policies against race discrimination, harassment and retaliation, as well as its policies for supervisors and managers for not reporting allegations of race discrimination, harassment and retaliation;

(d) assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation;

(e) To the extent there are revisions to Defendant Ryder's policies, a statement that the revised Policies and Procedures apply to all employees; and

(f) an Internal Complaint Procedure, as described in Section XI.D.

Defendant shall report any changes to its policies and procedures to the EEOC on an annual basis, if any.

3.    *Distribution of Revised Policies and Procedures*

If the EEOC does not provide comment within thirty (30) days of receipt, Defendant Ryder shall distribute its revised Policies and Procedures, if any, to all employees within ninety (90) days thereafter and require in all future contracts that its staffing agencies distribute compliant policies and procedures prohibiting race harassment, discrimination and retaliation to their own workers nationwide. For employees hired after distribution of its revised policies, Defendant shall disseminate its revised Policies and Procedures within thirty (30) days of their hire date for the term of the Decree.  Each employee shall sign a form or electronically acknowledge receipt of the revised Policies and Procedures. At the conclusion of the term of the Decree, Defendant shall provide a statement confirming distribution of the revised Policies and Procedures to all employees, as well as to all workers by requiring its staffing agencies nationwide to provide compliant policies to their workers.

D.    Internal Complaint Procedure

The Internal Complaint Procedure shall be written in English and any

language(s) used by 10% or more employees nationwide as their primary language. The Internal Complaint Procedure will be included in Defendant Ryder's policy against harassment and against retaliation. It shall incorporate the following elements:

1.     A statement encouraging employees and staffing agency workers to report allegations of discrimination, harassment or retaliation to Defendant Ryder such as by notifying Human Resources or any manager;

2.     A process for submitting complaints of racial harassment or discrimination or retaliation that includes more than one avenue for employees or workers to lodge complaints verbally or in writing, including (a) a direct toll-free phone number and email address for Defendant Ryder's Human Resources Department; (b) a toll-free complaint hotline that Defendant Ryder will track (Section XI.J); and (c) notifying *any* Ryder manager or Human Resources representative;

3.     A process for a timely, thorough, and objective investigation of all complaints of discrimination, harassment or retaliation by Defendant Ryder;

4.     Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept confidential to the fullest extent possible;

5.     Resolution of all complaints of discrimination, harassment, and retaliation by Defendant Ryder, in a timely manner;

6.     A requirement that any employee or worker in a manager, supervisory, or Human Resources position report any and all complaints of potential racial harassment, discrimination, or retaliation to Defendant Ryder's Human Resources Department or a manager and that failure to carry out this duty is grounds for disciplinary action, up to and including termination.

The Coordinator shall review Defendant Ryder's application of the internal complaint procedure by monitoring complaints made by employees and staffing

agency workers at Covered Facility regarding race harassment, discrimination or related retaliation on a semi-annual basis during the term of this Decree and review for proper handling of such complaints.

E.    Training

    *1.    Scope of Training Requirements*

Defendant Ryder shall implement the training regimen set out in Section XI.E. with respect to: (a) all employees hired by Defendant Ryder at the Covered Facility; and (b) all employees that have direct oversight over employees at the Covered Facility.

    *2.    All Trainings*

        a.    All trainings described below shall be mandatory for active employees at the Covered Facility for the duration of the Decree. All persons shall verify their attendance in writing. Defendant Ryder shall maintain copies of training sign-in sheets for the duration of the Decree.

        b.    All trainings provided pursuant to this Decree shall be interactive unless otherwise indicated. Defendant Ryder shall work with the Coordinator to develop the training curriculum.  Examples shall be given of prohibited conduct, tailored to Defendant Ryder's workplace.  Defendant Ryder shall leave time for questions and answers at the conclusion of the training.  All trainings and training materials shall be provided in English and any other language(s) that is the primary language for 10% or more of Defendant's employees at the Covered Facility.

        c.    Within sixty (60) days after the Effective Date, Defendant Ryder shall submit to the EEOC and the Coordinator the identity and qualifications of the qualified trainer selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. To the extent 10% or more employees at a Covered Facility use a language other than English as their primary language, the trainer must speak

fluently a language that said employees understand. Upon receipt, the EEOC and/or the Coordinator may provide comment within thirty (30) days regarding any necessary revisions to the training.

        d.     The trainings in Sections XI.E shall occur within one hundred and fifty (150) days of the Effective Date. For employees who are unavailable on the scheduled training day, Defendant Ryder shall schedule an alternative training session within thirty (30) days of the initial training that is either (a) interactive; or (b) a video recording of the prior training plus an interactive component.

    *3.*    *New Employee Orientation*

Defendant Ryder shall provide a written message from its CEO to all new employees at the Covered Facility during the term of the Decree. The message shall emphasize that (a) Defendant Ryder is committed to ensuring that its workplace is free of discrimination, harassment and retaliation; (b) that Defendant Ryder takes seriously all allegations of discrimination, harassment and retaliation and encourages employees to notify Human Resources when they become aware of potentially discriminatory, harassing and/or retaliatory conduct; and (c) that Defendant Ryder will conduct a prompt and thorough investigation and take appropriate corrective action in response to any violations of its policy prohibiting discrimination, harassment and retaliation in the workplace. The message shall briefly review Defendant Ryder's complaint procedures, and explain where employees can find additional information, including the appropriate contact information.

    *4.*    *Compliance and Civility Training for Non-Managerial Employees*

Existing employees and leads at the Covered Facility shall be required to attend a Compliance Training lasting at least one (1) hour in duration. The training under this section shall cover:

        (a) conduct prohibited by Title VII, including examples of conduct that may constitute unlawful race discrimination, a hostile work environment based

on race, and retaliation;

(b) employees' and employers' responsibilities under Ryder's policies if they experience, observe, or become aware of conduct that they believe may be harassing, discriminatory, or retaliatory;

(c) preventing harassment, including racial harassment, bystander intervention, including a discussion of appropriate and inappropriate language as it relates to race; and

(d) Defendant Ryder's revised Policies and Procedures, if any, as outlined in Section XI.C and XI.D, especially the Internal Complaint Procedure.

The training shall emphasize Defendant Ryder's commitment to ensuring a workplace free of discrimination, harassment or discrimination and encourage employees that experience or witness conduct that is discriminatory, harassing and/or retaliatory to report it. The training shall also emphasize the consequences for all workers and employees that engage in prohibited conduct and for managerial, lead, or supervisory employees employed by Defendant Ryder that fail to notify Defendant Ryder's Human Resources Department (even if it involves workers from staffing agencies) and/or a manager upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendant shall provide direct contact information for Defendant Ryder's Human Resources Department, and for the Helpline established under Section XI.J. Defendant shall also circulate an anonymous evaluation form of the training to be filled out by attendees and provided to the Coordinator. The Coordinator will review the anonymous evaluation forms and make any appropriate changes based on recommendations for subsequent trainings.

   5.   *Compliance Training – Management and Human Resources*

All managers, supervisors, human resources employees, and employees responsible for documenting, responding to, or investigating complaints of

discrimination or harassment at the Covered Facility shall attend a separate Management Training of at least two (2) hours duration that is interactive, includes hypothetical scenarios and emphasizes the role of management and documenting and reporting complaints of discrimination. Ryder will report compliance training to the Coordinator. The Management Training shall address the following:

a. Title VII prohibitions against race discrimination, harassment, and retaliation;

b. Examples of comments and conduct that alone or together may rise to the level of unlawful race discrimination (including discharge and terms and conditions of employment), harassment (including examples of racial slurs in different languages and derogatory race-based comments), or retaliation;

c. Examples of conduct that alone or together might constitute retaliation;

d. Consequences for managers, supervisors, and human resources personnel who fail to follow or enforce Defendant Ryder's revised Policies and Procedures, if any, or who fail to timely report observations or complaints of potential race discrimination, harassment, or retaliation by any employee or temporary worker;

e. Consequences for employees or workers that engage in conduct that may be considered race discrimination, harassment, or retaliation;

f. Defendant Ryder's Internal Complaint Procedure;

g. Properly identifying and handling of complaints of discrimination, harassment, and/or retaliation and a proper course of action regardless if they are raised by employees or workers from staffing agencies including reporting complaints to Human Resources;

h. Training for Human Resources employees shall cover proper handling of complaints by any worker including: (a) interviewing or facilitating the interview of all relevant witnesses and encompassing the proper scope of the

investigation, including the complainant and employees of both Defendant Ryder and the staffing agencies; (b) facilitating the review of all relevant evidence; (c) creation of written investigative reports, that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence.

### 6. *Verification of Training*

All persons required to attend such training shall verify their attendance in writing. Within one hundred and eighty (180) days of the Effective Date and semi-annually thereafter, Defendant Ryder shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

### F. Complaint Log

Within sixty (60) days of the Effective Date, Defendant Ryder shall establish a complaint log, in consultation with the Coordinator, for centralized tracking of all formal and informal complaints regarding race discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of individual(s) and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of race discrimination, harassment or retaliation, at least the following information:

(a) full name of each complainant, to the extent the information is known to Ryder and whether it is a Ryder employee;

(b) a description of how Defendant Ryder learned of the complaint, including whether the complaint was first directed to a staffing agency or Defendant Ryder, whether the complaint was first made to a manager, human resources employee, or via the Helpline, and the date the complaint was reported to Defendant Ryder's Human Resources department;

(c) date each complaint was initially made;

(d) date that Defendant Ryder or the staffing agency provided notice of the complaint, if applicable;

(e) date each investigation began and was completed;

(f) type of adverse employment action claimed (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

(g) name and title of person(s) who conducted each investigation;

(h) description of disciplinary or remedial action, if applicable, and the names of the decision-makers;

(i) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendant Ryder shall maintain the database and shall produce the above-referenced data semi-annually to the EEOC.

G.     Posting of Notice

Within sixty (60) business days after the Effective Date and throughout the term of this Decree, Defendant Ryder shall post a laminated copy of the Notice attached as Exhibit B at the Covered Facility in a clearly visible location frequented by employees.  The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendant's employees. If the Notice becomes defaced or illegible, Defendant Ryder shall replace it with a clean copy.

H.     Evaluating EEO Compliance of Supervisors and Managers

Defendant Ryder will develop a mechanism for evaluating supervisors and managers regarding their efforts to comply with this Decree and EEO laws at the Covered Facility.

I.     Relationship with Staffing Agencies

Within sixty (60) days of the Effective Date, Defendant Ryder shall provide the EEOC with a redacted copy of the relevant portion of its template Agreement

with staffing agencies at the Covered Facility. Thereafter, to the extent Defendant Ryder enters into an agreement with a third-party staffing agency Defendant Ryder shall provide the EEOC with redacted copies of the relevant portions of any such signed Agreements with any staffing agency at a Covered Facility on an annual basis during the term of this Decree should they differ from the previous reporting period.

Ryder will include a provision in any future contract with third-party staffing agencies nationwide requiring said companies to have anti-discrimination and anti-retaliation policies and procedures, and will require third-party staffing agencies to disseminate their policies and procedures to workers that are placed at Ryder facilities. Ryder will develop protocols to ensure that there are proper mechanisms for handling complaints raised by workers of staffing agencies nationwide and to ensure that staffing agencies are informed of complaints of discrimination, harassment, and/or retaliation when raised at Ryder's worksite. If complaints involve Ryder employees, then Ryder will investigate such complaints.

J.      Toll-Free Complaint Hotline

Defendant Ryder has a hotline to report complaints of discrimination, harassment or retaliation ("Helpline"). Defendant shall ensure that it posts notice of the Helpline for employees at the Covered Facility in language(s) commonly used by them and shall verify semi-annually that the postings remain up and in good condition. The posting shall make clear that the Helpline is accessible online and via telephone, 24-hours per day and is available in language(s) commonly used by Defendant's employees and state that complaints of harassment, discrimination, and/or retaliation can be reported.

The Helpline shall operate seven days per week, 24 hours per day. Defendant with the Coordinator shall ensure that all Helpline inquiries and response times are tracked and logged by Defendant. Once a complaint is received, Defendant will contact the complainant and then follow the Internal Complaint

Procedure in Section XI.D. The Coordinator shall review and evaluate the Defendant's effectiveness and responsiveness to a Helpline complaint. A copy of the log of calls that involve discrimination, harassment, and/or retaliation complaints shall be provided to the EEOC in the reporting to the EEOC as part of the Complaint Log described in Section F.

Annually during the term of the Decree, the hotline shall be communicated to all employees and workers to encourage reporting of complaints of harassment, discrimination, and/or retaliation.

K.    Recordkeeping

The records to be maintained shall include:

1.    All communications between the Coordinator and the EEOC;

2.    All documents related to any complaint of race discrimination, race harassment, or related retaliation at the Covered Facility, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant Ryder's investigation, and all communications related to the complaint, its investigation, or its resolution;

3.    All personnel and performance related documents related to any Ryder employee who files a complaint or otherwise reports race discrimination or harassment at the Covered Facility;

4.    All documents generated in connection with the semi-annual audits conducted by the Coordinator under Section XI.B;

5.    All forms or electronic signatures acknowledging employees' receipt of Defendant Ryder's revised Policies and Procedures, if any, under Section XI.C;

6.    All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.E;

7.    All evaluation forms created under Section XI.E;

8.    A copy of the Complaint Log, maintained as required under Section

XI.F;

9.     All documents reflecting the awards given or corrective action taken in response to Ryder's supervisory, managerial and/or lead employees that responded appropriately or inappropriately to discriminatory, harassing, or retaliatory conduct;

10.     Copies of the signed agreements with each staffing agency at the Covered Facility under Section XI.I;

11.     All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant Ryder determined to have engaged in discriminatory, harassing and/or retaliatory behavior;

12.     All documents related to compliance with the terms of the Decree; and

13.     All documents generated in connection with Defendant's Helpline related to complaints of race discrimination, racial harassment or related retaliation at the Covered Facility under Section XI.J.

L.     <u>Reporting</u>

*1.     Initial Report*

Defendant Ryder shall submit to the EEOC initial reports within ninety (90) days after the Effective Date, except where otherwise noted below.  The reports shall contain:

a.     the revised Policies and Procedures, if any, under Section XI.C, including the Internal Complaint Procedure described in Section XI.D, to be provided for EEOC review within forty-five (45) days of the Effective Date;

b.     the name, contact information, and qualifications for the trainer(s) selected, a description of the trainings to be provided, training materials, and an outline of the curriculum, to be provided for the EEOC's review and comment pursuant to Section XI.E within sixty (60) days of the Effective Date;

c.     a redacted copy of the relevant portions of Defendant's

template Agreement with staffing agencies at the Covered Facility, to be provided within sixty (60) days of the Effective Date;

        d.     a copy of the proposed Complaint Log, pursuant to Section XI.F, with a summary of the procedures and recordkeeping methods developed with the Coordinator for centralized tracking of racial discrimination, harassment and related retaliation complaints and the monitoring of such complaints;

        e.     a statement confirming that the notice pertaining to this Decree has been posted at the Covered Facility pursuant to Section XI.G; and

        f.     a copy of the notice regarding the Helpline at the Covered Facility, pursuant to Section XI.J.

    2.    *Semi-Annual Report*

Within 180 days from the Effective Date, and semi-annually thereafter, Defendant Ryder shall provide reports containing:

        a.     a complete employee list for all employees at the Covered Facility, including race, start date, job title, and job site;

        b.     the attendance lists of all attendees for the training sessions required under this Decree that took place since the previous report;

        c.     A list of all management or supervisory personnel at the Covered Facility with responsibility for receiving complaints of alleged or potential race discrimination, including name, title, department and date of hire;

        d.     A list of all staffing agencies that Defendant Ryder does business with at the Covered Facility;

        e.     A statement confirming that Defendant Ryder has distributed the revised Policies and Procedures to all employees and required staffing agencies to provide compliant procedure to all workers at the Covered Facility;

        f.     Confirmation that Ryder has communicated the hotline number to all employees and workers placed at Ryder through staffing companies at the Covered Facility;

g.     Annually, a copy of each signed template agreement it enters into with third-party staffing agencies at the Covered Facility during the Decree Term to confirm compliance with Section XI.I.  To the extent Ryder enters an agreement with a third-party staffing agency that deviates from its template agreement, Ryder will provide a redacted copy of the relevant portions of said agreement;

h.     Documents verifying the occurrence of all training sessions, including the written materials used, a description of the training, a list of the trainers, and a list of the attendees, pursuant to Section XI.E;

i.     A copy of the Complaint Log pursuant to Section XI.F;

j.     A statement confirming that the required notices pertaining to this Decree and the revised Policies and Procedures and the Hotline information have been posted and/or distributed pursuant to Sections XI.G, XI.C, and XI.J;

k.     A list of Eligible Claimants that applied for hire or rehire and were not selected and the rationale, pursuant to Section IX.A;

l.     The status of Defendant Ryder's compliance with the terms of the Decree; and

m.     Annually, a statement of whether any revisions of Defendant Ryder's policies and procedures regarding racial discrimination, racial harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures.

The Semi-Annual Report shall also include the Coordinator's report to the EEOC that describes all work performed pursuant to this Decree and provides the Coordinator's feedback and recommendations going forward.  The report shall include the Coordinator's evaluation and recommendations following the audits under Section XI.B, the trainings under Section XI.E; review of Defendant's implementation of the Internal Complaint Procedure and Complaint Log under Sections XI.D and XI.F and monitoring all complaints to ensure proper handling

and follow though regardless of whether they are from a staffing agency or a direct employee at the Covered Facility. Most importantly, the Coordinator's report shall provide feedback regarding Defendant Ryder's good faith efforts to comply with this Decree and Title VII, as well as Defendant's efforts to ensure employment decisions are made without regard to race, and respond appropriately to harassment, discrimination, retaliation complaints. The Coordinator's report shall cover all the Coordinator's responsibilities, as detailed in Section XI.A.

*3. Exit Report*

Defendant shall report to the EEOC at least sixty (60) days prior to the expiration of this Decree regarding its compliance with this Decree. Separately, the Coordinator shall report to the EEOC at least sixty (60) days prior to the expiration of this Decree regarding all the Coordinator's responsibilities, as detailed under this Decree and providing feedback regarding Defendant's compliance with this Decree and Title VII, the results of Defendant Ryder's efforts to ensure employment decisions are made without regard to race, and whether Defendant Ryder has responded appropriately to harassment and retaliation complaints.

## XII.

## <u>COSTS OF ADMINISTRATION AND IMPLEMENTATION</u>
## <u>OF CONSENT DECREE</u>

Defendant Ryder shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.

## <u>COSTS AND ATTORNEYS' FEES</u>

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## <u>MISCELLANEOUS PROVISIONS</u>

A.     The EEOC may request documents Defendant Ryder must maintain in accordance with the recordkeeping provisions of Section XI.K of this Decree in furtherance of its monitoring responsibilities and will give Defendant Ryder and/or its Coordinator thirty (30) days written notice of documents and/or information to be produced for monitoring purposes. The parties will work together on the timing of the production if necessary.

B.     Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov.  Defendant shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

C.     During the term of this Consent Decree, Defendant Ryder shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of the Covered Facility, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

D.     During the term of this Consent Decree, Defendant Ryder shall assure that each of its directors, officers, human resources personnel, managers, and supervisors at the Covered Facility are aware of any term(s) of this Decree which may be related to his/her job duties.

E.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XV.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: 5/24/2021                     /s/ Anna Y. Park
                            By:  Anna Y. Park
                                 Attorney for Plaintiff, EEOC


Date: 5/24/2021                     /s/ Steven W. Moore
                            By:  Steven W. Moore
                                 Barbara I. Antonucci
                                 Attorney for Defendant Ryder
                                 Integrated Logistics, Inc.


Date: 5/24/2021                     /s/ Heather Gray
                            By:  Heather Gray
                                 Representative for Defendant Ryder
                                 Integrated Logistics, Inc.

# ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: __May 25, 2021__

_____
The Honorable JOHN F. WALTER
United States District Court Judge

**EXHIBIT A**
ACKNOWLEDGEMENT AND RELEASE

In consideration for the $ __ paid to me in connection with the resolution of *EEOC v. Kimco Staffing Services, Inc. and Ryder Integrated Logistics, Inc.*, United States District Court for the Central District of California, Case Number 5:19-cv-01838 JFW (SPx), I am releasing any claims that were asserted or could have been asserted against Defendants in the above-referenced civil action, for claims for race discrimination, harassment and/or retaliation arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") , 42 U.S.C. § 1981 and the Fair Employment and Housing Act at the time or prior to the date of this Release.  I agree that this means I am agreeing not to sue Defendants with respect to the claims I am releasing.

Nothing in this Agreement shall be deemed to be a release or waiver of (a) any claims that are not waivable under applicable federal, state or local law, and (b) rights under Worker's Compensation or Unemployment Insurance law.  I understand that this agreement does not prohibit me from: (1) Filing a claim with a government agency that is responsible for enforcing a law; however, I understand that I will not be entitled to recover any monetary damages or any other form of personal relief in connection with such a claim, investigation or proceeding; (2) Providing information regarding my employment as may be required by law or legal process; or (3) Cooperating, participating or assisting in any government or regulatory entity investigation or proceeding.

I also understand that the "Defendants" being released includes the following entities and persons: Ryder Integrated Logistics, Inc., Kimco Staffing Services, Inc.

Date: _____ _____    Signature: _____

# EXHIBIT B

## NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:        ALL EMPLOYEES OF RYDER INTEGRATED LOGISTICS, INC.

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Ryder Integrated Logistics, Inc. ("Ryder"), Case Number 5:19-cv-01838 JFW (SPx).  EEOC filed this lawsuit alleging that employees were subjected to a racially hostile work environment, discrimination in the terms and conditions of their employment based on race, and/ or subjected to retaliation for opposing race discrimination.  In addition to monetary relief, Ryder has agreed to various injunctive remedies such as revising policies and procedures regarding race harassment prevention, training employees regarding race harassment, creating a system for tracking complaints, and providing EEOC with periodic reports.

Ryder has appointed an Equal Employment Opportunity Coordinator ("EEO Coordinator") to ensure Ryder's compliance with the Decree, to oversee investigation and resolution of all reports of race harassment, discrimination and retaliation, and to ensure equal opportunity for all employees.  If any employee has information regarding race harassment or retaliation, she or he may report it directly to the EEO Coordinator.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Ryder is committed to complying with federal anti-discrimination laws in all respects.  Race harassment or discrimination will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been subjected to discrimination or harassment because of your race, you may follow Ryder's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
TELEPHONE NUMBER: (213) 669-4000