Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor                    JS-6
Los Angeles, CA 90012
Telephone:  (213)785-3080
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 5:19-cv-01838 JFW (SPx) |
| Plaintiff, | **CONSENT DECREE RE: DEFENDANT KIMCO STAFFING SERVICES, INC.; ORDER** |
| vs. | |
| KIMCO STAFFING SERVICES, INC., RYDER INTEGRATED LOGISTICS, INC., | |
| Defendants. | |

# I.

## **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Kimco Staffing Services, Inc. ("Defendant Kimco") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant Kimco in *U.S. Equal Employment Opportunity Commission v. Kimco Staffing Services, Inc. and Ryder Integrated Logistics, Inc.*; Case No. 5:19-cv-01838 (the "Action").  On September 25, 2019, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendant Ryder Integrated Logistics, Inc. and Defendant Kimco (collectively, "Defendants") subjected Charging Party Regina Fisher ("Charging Party") and a class of similarly situated Black employees to discrimination based on race and retaliation. Defendant Kimco denies any violation of the applicable laws and states that it did not harass, discriminate or retaliate against Charging Party or a purported class of similarly situated Black employees.

# II.

## **PURPOSES AND SCOPE OF THE CONSENT DECREE**

The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendant Kimco and shall be binding on and enforceable against Defendant Kimco, as well as its parents, subsidiaries, agents, successors and assigns, during the duration of this decree. The scope of this Decree is companywide, unless otherwise noted. The Parties have entered into this Decree for the following purposes:

1.      To provide appropriate monetary and injunctive relief;

2.      To ensure Defendant Kimco's employment policies, practices, and procedures comply with Title VII;

3.      To ensure that Defendant Kimco maintains a work environment free from race discrimination and retaliation;

4.      To modify Defendant Kimco's policies, procedures, and practices to prevent and/or correct race discrimination and retaliation;

5.      To ensure Defendant Kimco's employees, recruiters, supervisors, and human resources personnel are trained with respect to their obligations regarding racial harassment, discrimination, and retaliation under Title VII;

6.      To provide an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

7.      To ensure appropriate record keeping, reporting, and monitoring; and

8.      To avoid the expense and uncertainty of further litigation.

        This Decree shall not be construed as an admission by Defendant Kimco of any discriminatory, harassing, or retaliatory conduct. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

## III.

## <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant Kimco in this Action, including EEOC Charge Nos. 480-2017-00658 and 480-2019-03052.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant Kimco's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant Kimco in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

C.      If one or more provisions of the Decree are rendered unlawful or

unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

D.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.      If the EEOC has reason to believe that Defendant Kimco has failed to comply with any provision of this Decree, the EEOC may bring an action before this court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant Kimco in writing of the nature of the dispute.

B.      Unless the EEOC believes that delay will cause irreparable harm, Defendant Kimco will have thirty (30) days from the date of receipt of the written notice to attempt to resolve or cure the breach. If those thirty (30) days pass without resolution, the EEOC may petition this Court for all available relief, including an extension of the term of the Decree, costs incurred in securing compliance with the Decree and/or any other relief the court deems appropriate.

C.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

D.      In the event of non-payment of monies under this Decree, Defendant Kimco will have five (5) days from receipt of written notice to cure the breach. The aforementioned thirty (30) days meet and confer requirement does not apply to non-payment of funds. If Defendant Kimco does not cure its monetary breach within five (5) days of receiving written notice of such breach, the EEOC may initiate an enforcement action before this Court to enforce the Decree.

//

# VIII.

## MONETARY RELIEF

A.   <u>Establishing the Class Fund</u>

    1.    In settlement of this lawsuit, Defendant Kimco shall pay a total gross sum of $1,000,000.00 in monetary relief ("Total Settlement Amount"). Within thirty (30) days of the Effective Date of this Decree, Defendant Kimco shall deposit the Total Settlement Amount into an escrow account (the "Kimco Class Fund") and provide the EEOC with written verification of the funding within ten (10) days of the deposit.

    2.    The Class Fund shall be used to make payments to the Charging Party and Eligible Claimants identified by the EEOC ("Claimants") before or after the Effective Date.  The EEOC shall retain sole discretion to determine who is an Eligible Claimant and the amounts to be distributed to Charging Party and each Eligible Claimant from the Class Fund.

    3.    The EEOC shall determine who is eligible to be a Claimant based on the EEOC's assessment of their facts and damages under Title VII.  Defendant Kimco agrees that the EEOC's determination of these issues is final, and Defendant Kimco will neither participate in, nor object to, those determinations.

B.   <u>Claims Administrator</u>

    Within thirty (30) days of the Effective Date, Defendant Kimco shall hire and appoint a specific qualified individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the Claims Process. If the Claims Administrator initially appointed thereafter declines to serve or to carry out its duties under this Decree, Defendant Kimco shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator. Defendant Kimco shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

C.    Claims Process

1.    *List of Potential Kimco Claimants.*  Within thirty (30) days of the Effective Date, Defendant Kimco shall forward to the Claims Administrator and the EEOC the name, race identification, last known mailing address, phone number, and email address, dates of employment, and any forwarding employment information of each employee who worked for Defendant Kimco and Defendant Ryder at any point between May 2016 and the Effective Date ("List of Potential Claimants").

2.    *Claims Notice.*  Within forty-five (45) days of the Effective Date, the Claims Administrator shall send a Claims Notice, approved by the EEOC, via electronic and U.S. mail to the individuals included on the List of Potential Claimants.  The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire, and that Claimants may be eligible for reinstatement.  The Claims Notice shall provide phone and email contact information for the Claims Administrator and explain how Potential Claimants can access and submit the Claims Questionnaire.

3.    *Undeliverable Mailings.*  For letters returned as undeliverable, within twenty (20) days of the Claims Notice being returned to sender as undeliverable, the Claims Administrator shall conduct database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address and mailing address.  If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address.  If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s).

4.    *Website and Claims Questionnaire.*  Within forty-five (45) days of the Effective Date, the Claims Administrator shall establish a website that provides information regarding the Decree, the Claims Process, and how to complete the

Claims Questionnaire.  The website shall include an embedded Claims Questionnaire, approved by the EEOC.  The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or the Potential Claimant.   The website shall include phone, mail and email contact information for the Claims Administrator and the EEOC. The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire.  The Claims Administrator shall provide the EEOC with electronic access to the Claims Questionnaires filed online.  The Claims Administrator shall provide the EEOC with an electronic and paper copy of all questionnaires submitted within ten (10) days of receipt.

D.     Claims Distribution Procedure

1.     *Distribution List.*  The EEOC shall provide Defendant Kimco one or more lists of the Claimants by name, their current addresses, the amount to be paid to each, the characterization of such amounts to be paid, and any additional relevant identifying information ("Distribution List").  The Claimants will be sent a Release (attached hereto as Exhibit A) by the Claims Administrator.  Upon receipt of both documents,  the Claims Administrator shall send via certified mail a check for the full amount specified by the EEOC to each eligible Claimant.  Within three (3) business days of issuance of settlement checks, Defendant Kimco shall submit copies and any related correspondence to the EEOC. All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC.

2.     *Characterization of Payments.*  The EEOC has the sole discretion to characterize the monetary relief amount to each Claimant as wage or non-wage compensation. Defendant Kimco shall issue a Form 1099 to each Claimant in the amount of his/her non-wage monetary relief.  No tax withholdings shall be made. If the EEOC designates monetary relief as wages,  Defendant Kimco shall issue an IRS Form W-2 to each applicable Claimant.  Defendant Kimco shall pay the

employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Claimants. Defendant Kimco shall make all appropriate reports to the Internal Revenue Service and other tax authorities.  Within three (3) business days of issuance of the aforementioned tax forms, Defendant Kimco shall submit copies and any related correspondence to the EEOC.

3.      *Non-Negotiated Checks.*  On a quarterly basis throughout the duration of this Decree, Defendant Kimco shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution. Defendant Kimco shall reissue checks if necessary.

4.      *Remaining Funds.*  On a quarterly basis throughout the duration of this Decree, Defendant Kimco will notify the EEOC of the remaining amount available out of the Kimco Class Fund.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.      References for Charging Party

Within twenty-one (21) days of the Effective Date, Defendant Kimco shall:

1.      remove from the personnel file for Charging Party any references to the charges of discrimination filed against Defendants or Charging Party's participation in this Action;

2.      remove from Defendant Kimco's files any reference to discipline of Charging Party or her "termination" for "performance";

3.      to the extent that Defendant Kimco must keep records of the charges of discrimination or in order to effectuate this Decree, such records must be maintained separately from Charging Party's personnel files;

4.      refrain from providing negative references about Charging Party, and direct all reference inquiries to a Human Resources ("HR") representative, who

will provide a neutral employment reference, limited to verifying whether Charging Party was employed by Defendants, the last position in which Charging Party was employed, and the duration of employment with Defendants;

    5.    ensure that Charging Party is not prohibited from re-employment with Defendant Kimco.

B.    <u>References for Claimants</u>

    Within ten (10) days of receipt of a Distribution List, Defendant Kimco shall:

    1.    remove from the personnel file for any Claimant any references to the Claimant's participation in this Action;

    2.    to the extent that Defendant Kimco must keep records in order to effectuate this Decree, such records must be maintained separately from Claimants' personnel files;

    3.    remove from Defendant Kimco's files any reference to any discipline of Claimants or "termination" for "performance";

    4.    refrain from providing negative references about any Claimant, and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether a Claimant was employed by Defendants, the last position in which the Claimant was employed, and the duration of employment with Defendants;

    5.    to the extent that a Claimant continues to work for Defendant Kimco, ensure that the Claimant does not suffer discrimination, harassment, or retaliation; and

    6.    ensure that Claimants are not prohibited from re-employment with Defendant Kimco. Should Claimants reapply for employment, Defendant Kimco may refuse to rehire them only for legitimate, non-discriminatory and non-retaliatory reasons.

C.    <u>Re-Placement of Temporary Workers</u>

1.      The Claims Questionnaire shall include an inquiry as to whether the Potential Claimant is interested in returning to work for Defendant Kimco. Within sixty (60) days of receipt of a Distribution List, Defendant Kimco shall place Eligible Claimants that express interest in re-placement with a placement employer and into a job position based on the Claimants' qualifications and availability.

2.      Defendant Kimco shall prepare a written report on a semi-annual basis to the EEOC that includes (a) a list of all Eligible Claimants that seek placement and (b) either identifies the placement employer, job position, and date of hire, or an explanation why Defendant Kimco was unable to identify a placement acceptable to the Claimant.  The parties will attempt to meet and confer regarding any issues related to the Claimants and the placement.

3.      Re-placement shall not be in lieu of any monetary damages to which the EEOC determines the Eligible Claimant is entitled.

## X.

## GENERAL INJUNCTIVE RELIEF

A.      <u>Anti-Discrimination</u>

Defendant Kimco, its owners, officers, agents, management (including all supervisory), human resources personnel, successors, assigns,  are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that is intended or is known to have the effect of discriminating and/or creating a hostile work environment on the basis of any employee's race; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race. Defendant Kimco shall take prompt corrective action to address any such harassment of which it has actual or constructive knowledge taking place at entities subcontracted to or in active concert or participation with Defendant Kimco.

B.    Anti-Retaliation

Defendant Kimco, its officers, agents, management (including all supervisory employees), successors, assigns, are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee or applicant of Defendant Kimco to retaliation, because he or she has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII;

2.    Filed a charge of discrimination alleging such practice;

3.    Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.    Was identified as a Potential Claimant or witness in this Action;

5.    Asserted any right under this Decree; or

6.    Sought and/or received any relief in accordance with this Decree. Defendant Kimco shall take prompt corrective action to address any such retaliation of which it has actual or constructive knowledge taking place at entities subcontracted to or in active concert or participation with Defendant Kimco.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant Kimco shall retain a third-party Equal Employment Opportunity Monitor ("Monitor"), approved by the EEOC, who has  demonstrated experience in the areas of preventing and combatting racial discrimination and harassment and who is bilingual in Spanish and English. The Monitor shall monitor Defendant Kimco's compliance with Title VII, and the provisions of this Decree.  Defendant Kimco shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties.  If the Monitor must be replaced during the duration of the Decree,

Defendant Kimco shall propose a new designee subject to EEOC's approval. The Monitor's responsibilities shall include:

1.      Conducting audits and complaint reviews under Section XI.B, to determine whether race-based harassment, discrimination or retaliation exists;

2.      Tracking and evaluating all information received by Defendant Kimco regarding alleged discriminatory, harassing, or retaliatory conduct, reviewing documents relating to complaints of discrimination, harassment or retaliation, and any documents related to the investigation or resolution to ensure that Defendant Kimco is responding to complaints and conducting a prompt, thorough and impartial investigation in coordination with the placement employer;

3.      Assisting Defendant Kimco with the creation of a complaint log under Section XI.F, and providing feedback to Defendant Kimco regarding its implementation of the Internal Complaint Procedure under Section XI.D and the Hotline under Section XI.J, specifically with regard to documenting and investigation of complaints of race discrimination, race harassment and retaliation to ensure compliance with Title VII and this Decree;

4.      Assisting Defendant Kimco to ensure that Defendant Kimco's policies and procedures relating to race discrimination, harassment, and retaliation fully comply with Title VII and all terms set forth in the Decree, as described in Section XI.C;

5.      Consulting with Defendant Kimco in the creation and implementation of the training curriculum under Section XI.E, including reviewing evaluation forms submitted;

6.      Ensuring that Defendant Kimco's trainings are effective, especially with respect to training of managers, recruiters, and human resources employees, by reviewing evaluation forms submitted during Compliance Trainings, attending the Management and Human Resources Training, and providing guidance or feedback if additional training is needed to ensure prompt, effective and impartial

complaint investigations;

7.    At least quarterly through the term of the Decree, reviewing the complaint log and underlying documentation for complaints of racial discrimination, racial harassment or retaliation, and reporting findings to the EEOC in the semi-annual report;

8.    Working with Defendant Kimco to develop protocols to ensure that there are proper mechanisms for handling complaints raised by workers placed at placement employers and reporting on Defendant Kimco's compliance with the obligations described in Section X.I;

9.    Preparing a semi-annual report and exit report to EEOC on Defendant Kimco's progress and compliance under this Decree pursuant to Section XI.L;

10.    Ensuring that Defendant Kimco's reports required by this Decree are accurately compiled and timely submitted;

11.    Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree under Section XI.K;

12.    Monitoring and ensuring the distribution of any documents and Notice Posting as required by this Decree; and

13.    Otherwise ensuring Defendant Kimco's compliance with this Decree and Title VII.

B.    EEO Compliance Audits

1.    *Complaint Audits.*  The Monitor shall review the Complaint Log described in Section XI.F on a monthly basis, at a minimum, and report back in the semi-annual report regarding Defendant Kimco's implementation of the Complaint Log.  The Monitor shall have access to all records and call logs regarding complaints of race harassment, discrimination, or retaliation.  The Monitor shall, at a minimum, review all complaints and the investigative actions taken with respect to those complaints where the allegations involve race harassment, discrimination, or retaliation.  The Monitor shall assess whether Defendant Kimco has responded

to these complaints by conducting a prompt, thorough, and impartial investigation, in coordination with the placement employer, and report back to the EEOC in its semi-annual report.

2.    *Audit Reports.*  The results of all audits and complaint reviews shall be submitted to the EEOC in the semi-annual report set forth below. The Monitor's semi-annual report shall include assessments and recommendations for remedying all identified issues with race discrimination, harassment, or retaliation.

C.    Policies and Procedures

*1.    Scope.*  Defendant Kimco shall implement the policies set out in Section XI.C and XI.D to apply to all of its employees.

*2.    Revision of Policies and Procedures*

Within sixty (60) days of the Effective Date, Defendant Kimco, with the assistance of the Monitor, shall create and implement policies and procedures that explain, define, and prohibit discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees, and harassment and retaliation on the basis of race.  Defendant Kimco's policies and procedures shall also address compliance with Title VII, including prevention of racial discrimination and harassment, methods for quickly and effectively responding to racial discrimination and harassment, and a zero-tolerance policy for those found to have engaged in racial discrimination, racial harassment, or retaliation.

The revised Policies and Procedures shall be written in a clear, easy to understand style and format, in language(s) commonly spoken by Defendant Kimco's employees, be written at a middle-school reading level, and printed in legible font size of no less than 12-pt font.

At all times, the revised Policies and Procedures shall, at a minimum, include:

(a) a strong and clear commitment to a workplace free of race

1   discrimination, harassment and retaliation;

2       (b) a clear and comprehensive description of race discrimination, race

3   harassment, and retaliation, including a discussion of the meaning of the phrase

4   "hostile work environment" and "retaliation" under Title VII with examples of

5   prohibited conduct, including conduct which, if left unchecked, may rise to the

6   level of unlawful harassment or discrimination;

7       (c) assurance that Defendant Kimco shall hold all employees, including

8   managers, recruiters, human resources employees, and employees of the placement

9   employer accountable for engaging in conduct prohibited under Title VII or this

10  Decree, including but not limited to race discrimination, harassment, retaliation,

11  and for failing to take prompt appropriate action upon receiving information

12  regarding race discrimination, harassment, or retaliation in the workplace, and a

13  description of the consequences for those that fail to adhere to reporting steps;

14      (d) assurance that persons who complain about discrimination or harassment

15  they experienced or witnessed and persons who provide information relating to

16  such complaints will not be subject to retaliation;

17      (e) a statement that the revised Policies and Procedures apply to all persons,

18  including managers, supervisors, recruiters, employees and managers of placement

19  employers, third parties, customers, and Human Resources employees; and

20      (f) an Internal Complaint Procedure, as described in Section XI.D.

21      Defendant Kimco shall submit to EEOC any revisions to Policies and

22  Procedures to prevent and correct racial discrimination, racial harassment, and

23  retaliation ninety (90) days prior to the proposed change.

24  3.    *Distribution of Revised Policies and Procedures*

25      Defendant Kimco shall distribute its revised Policies and Procedures to all

26  employees, regardless of their direct employer via e-mail, within one-hundred and

27  twenty (120) days of the Effective Date by (a) posting copies in clearly visible

28  areas within Defendant Kimco's offices; and (b) providing copies to each current

employee by mailing a paper copy to their personal mailing address and sending an electronic copy to their personal email address.  Defendant Kimco shall distribute its revised Policies and Procedures to all employees in language(s) commonly used by them. For employees hired after the Effective Date, Defendant Kimco shall provide a paper and electronic copy of the revised Policies and Procedures within five (5) days of their hire date, during the onboarding process.  Each employee shall sign a form acknowledging receipt of the revised Policies and Procedures. The revised Policies and Procedures shall be disseminated via electronic mail on a semi-annual basis.  On a semi-annual basis throughout the term of the Decree, Defendant Kimco shall provide a statement confirming distribution of the revised Policies and Procedures to all employees.

D.     Internal Complaint Procedure

The Internal Complaint Procedure shall be written in the language(s) commonly used by the temporary and permanent employees and shall incorporate the following elements:

1.     A clearly described process for submitting complaints of racial harassment or discrimination that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Defendant Kimco's Human Resources Department; (b) a toll-free complaint hotline that Defendant Kimco will track; and (c) notifying *any* Kimco recruiter, manager, or Human Resources representative;

2.     A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment or retaliation by Defendant Kimco, including (a) interviewing all relevant witnesses, including the complainant and employees of both Defendant Kimco and the placement employer; (b) review of all relevant evidence; and (c) creation of written investigative reports that document all investigatory steps, any findings and

conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

3.     Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept to the fullest extent possible;

4.     Tracking and collection of all complaints of discrimination, harassment, and retaliation in the Complaint Log;

5.     Resolution of all complaints of discrimination, harassment, and retaliation, by Defendant Kimco, in a timely and effective manner;

6.     A clear requirement that Defendant Kimco, specifically Defendant Kimco's recruiters, managers, or human resource personnel, review any decision or determination made by the placement employer regarding a complaint of discrimination made by an employee of Defendant Kimco, including written communications regarding the decision, the reasons for the decision, and any remedial action taken;

7.     A clear explanation of Defendant Kimco's duty to conduct a follow-up meeting with the employee to evaluate the continued effectiveness of any step taken by Defendant Kimco to remedy any racial harassment or discrimination;

8.     A requirement that any employee in a recruiter, supervisor, or Human Resources position document and report any and all observations or complaints of potential racial harassment, discrimination, or retaliation to Defendant Kimco's Human Resources Department and the Human Resources Department of the placement employer within forty-eight (48) hours, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

9.     An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any

deadline for filing a charge of discrimination.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

10.     Publication of the EEOC complaint line of (800) 669-4000.

The Monitor shall review Defendant Kimco's application of the internal complaint procedure by monitoring complaints regarding race harassment, discrimination or retaliation and reporting back to the EEOC in its semi-annual report.

E.     Training

1.     *Scope of Training Requirements.*

Unless otherwise noted, Defendant Kimco shall implement the training regimen set out in Section XI.E with respect to all employees, whether working directly for Defendant Kimco or placed with a placement employer.

2.     *All Trainings.*

a.     All trainings described below shall be mandatory for the duration of the Decree.  All persons shall verify their attendance in writing. Defendant Kimco shall maintain copies of training sign-in sheets for the duration of the Decree.

b.     All trainings provided to Defendant's direct employees pursuant to this Decree shall be live and interactive.  Trainings provided to Defendant's temporary employees shall be live, online or via recording and include interactive elements.  Defendant Kimco shall work with the Monitor to develop the training curriculum.  Examples shall be given of prohibited conduct. Defendant Kimco shall leave time for question and answer at the conclusion of the training.  All trainings and training materials shall be provided in language(s) commonly understood by Defendant's employees.

c.     Defendant Kimco shall begin each training with a statement or short video from a senior executive emphasizing that harassment prevention,

civility, and maintaining a respectful workplace are high priorities for Defendant Kimco, and that the training is an important component of Defendant Kimco's strategy for harassment prevention. The message shall include a commitment towards accountability to and safety of its workforce. The message shall be provided in language(s) commonly understood by Defendant Kimco's employees.

d.    Within forty-five (45) days after the Effective Date, Defendant Kimco shall submit to the Monitor the identity and qualifications of the qualified trainer selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. The trainer must speak fluently a language that Defendant Kimco's employees understand.  Upon receipt, the the Monitor may provide comment within thirty (30) days regarding any necessary revisions to the training.  Defendant shall work with the Monitor on the most effective way to deliver the training which may include training internal employees to conduct the training.

e.    The trainings in Sections XI.E.4 and XI.E.5 shall occur within ninety (90) days of the Effective Date, and thereafter on an annual basis. When scheduling each live training, Defendant Kimco shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component.  Within thirty (30) days of the hire date of any employee hired after the required training, Defendant Kimco shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component. All employees will be paid their normal rate of pay during the trainings.

f.    Defendant Kimco shall give the EEOC and the Monitor a minimum of fifteen (15) business days advance written notice of the date, time and location of each training provided pursuant to this Decree.  An EEOC representative or the Monitor may attend any such training upon request by the

EEOC or the Monitor.  The EEOC and the Monitor may also review training materials proposed and/or used upon request.

      3.   *New Employee Orientation*

Defendant Kimco shall provide an oral orientation ("Orientation") to all new employees within five (5) days of their hire date. The Orientation shall emphasize that (a) Defendant Kimco is committed to ensuring that its workplace is free of discrimination, harassment and retaliation, especially based on race; (b) that Defendant Kimco takes seriously all allegations of discrimination, harassment and retaliation and encourages employees to notify both Defendant Kimco's Human Resources Department and the placement employer when they become aware of potentially discriminatory, harassing and/or retaliatory conduct; and (c) that Defendant Kimco will take prompt and proportionate corrective action in response to discrimination, harassment and retaliation in the workplace.  The Orientation shall briefly review Defendant Kimco's complaint procedures, and explain where employees can find additional information, including the appropriate contact information.

      4.   *Compliance Training for All Employees*

All employees shall be required to attend an online Compliance Training lasting at least one (1) hour in duration.   The training under this section shall cover:

(a) the role and purpose of Title VII, including what constitutes unlawful race discrimination, a hostile work environment based on race, and retaliation;

(b) the rights and responsibilities under Title VII and this Decree of temporary and permanent employees, staffing agencies, and employers if they experience, observe, or become aware of conduct that they believe may be harassing, discriminatory, or retaliatory;

(c) preventing harassment, including racial harassment, stopping bullying, bystander intervention, and having respect for diversity in the workplace including

a discussion of appropriate and inappropriate language as it relates to race; and

(d) Defendant Kimco's revised Policies and Procedures as outlined in Section XI.C and the Internal Complaint Procedure in Section XI.D.

The training shall emphasize Defendant Kimco's commitment to ensuring a workplace free of discrimination, harassment or discrimination and encourage employees that experience or witness discriminatory, harassing and/or retaliatory conduct to report it. The training shall also emphasize the consequences for employees that engage in prohibited conduct and for managers, recruiters, and human resources employees that fail to notify Defendant Kimco's Human Resources Department and the Human Resources Department of the placement employer upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendant Kimco shall provide direct contact information for Defendant Kimco's Human Resources Department, and for the Hotline. Defendant shall also circulate an anonymous evaluation form to be filled out by attendees and provided to the Monitor. The Monitor will review the anonymous evaluation forms and make any appropriate recommendations for subsequent trainings, as well as in its semi-annual report.

5.    *Management and Human Resources Training*

All managers, recruiters, human resources employees, and other personnel with authority to recruit, hire, or place employees or to respond to complaints of discrimination or harassment shall attend a Management and Human Resources Training of at least two (2) hours duration that includes role playing and emphasizes accountability of staffing agencies. The trainings shall be live and interactive. The Trainings shall address the following:

a.    Title VII prohibitions against race discrimination, harassment, hostile work environment, and retaliation;

b.    Examples of comments and conduct that alone or together may

rise to the level of unlawful race discrimination (including discharge and terms and conditions of employment), harassment (including examples of racial slurs in different languages and derogatory race-based comments), or retaliation;

   c. Defendant Kimco's obligations under the Decree, as a staffing agency and to its direct employees, and the role of managers, recruiters, and human resources in complying with the Decree;

   d. Consequences for managers, recruiters, and human resources employees that fail to follow or enforce Defendant Kimco's revised Policies and Procedures or that fail to document and report within 24 hours observations or complaints of potential race discrimination, harassment, or retaliation;

   e. Consequences for employees that engage in conduct that may be considered race discrimination, harassment, or retaliation;

   f. Defendant Kimco's Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of discrimination, harassment or retaliation, including: (1) investigative techniques, and the duty to interview all relevant witnesses, including employees of the placement employer; (2) their duty to report up the chain of command potential discrimination, harassment, and retaliation; (3) the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted; (4) types of preventative and corrective actions; (5) their duty to ensure that a placement employer undertakes corrective action reasonably calculated to end harassing conduct perpetrated by its employees against Defendant Kimco's employees and reasonably calculated to prevent future harassment against Defendant Kimco's employees, and to protect Defendant Kimco's employees from further harassment where the placement employer fails to take appropriate corrective action; (6) post-investigation procedures for monitoring the work environment; and (7) their duty to monitor and audit any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure

absence of retaliation.

6.    *Verification of Training*

All persons required to attend such training shall verify their attendance in writing.  Within ninety (90) days of the Effective Date and semi-annually thereafter, Defendant Kimco shall produce to the EEOC and to the Monitor documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

F.    Complaint Log

Within thirty (30) days of the Effective Date, Defendant Kimco shall establish a complaint log, in consultation with the Monitor, for centralized tracking of all formal and informal complaints regarding race discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of individual(s) and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of race discrimination, harassment or retaliation, at least the following information:

(a) full name, home address, and home telephone number and cell phone number (as applicable) of each complainant and potential aggrieved individual;

(b) full name, home address, and telephone number and cell phone number (as applicable) of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of discrimination or retaliation;

(c) a description of how Defendant Kimco learned of the complaint, including whether the complaint was first directed to a placement employer or Defendant Kimco, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendant Kimco's Human Resources department;

(d)  the location (including placement employer name) where the alleged misconduct occurred;

(e) date each complaint was made and the date that Defendant Kimco or the placement employer provided notice of the complaint;

(f) date each investigation began and was completed;

(g) type of discrimination or retaliation complained of, reported, or investigated;

(h) type of adverse employment action involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

(i) name, title, and employer of person(s) who conducted each investigation;

(j) description of action taken in response to the charge, complaint, report, or investigation;

(k) resolution, or decision made, regarding each complaint made and each investigation conducted, including where such resolutions and/or reports are made by the placement employer or Defendant Kimco; and

(l) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendant Kimco shall maintain the database throughout the duration of this Decree and shall produce it to EEOC upon EEOC's request.

G.    Posting of Notice

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant Kimco shall post laminated copies of the Notice attached as Exhibit B in clearly visible locations frequented by employees and applicants in Defendant Kimco's offices.  The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendant Kimco's employees.  If the Notice becomes defaced or illegible, Defendant Kimco shall replace it with a clean copy.

H.    Performance Evaluations for EEO Compliance

Defendant Kimco shall develop, implement, or revise its performance evaluation forms for managers, recruiters, and human resource personnel, to include measures for performance on compliance with Defendant Kimco's discrimination, harassment and retaliation policy and procedures.

Within sixty (60) days of the Effective Date, Defendant Kimco shall implement its revised performance evaluation.

I.    Relationship with Placement Employers

Kimco will ensure that customers for which Kimco provides temporary workers ("placement employers") have anti-discrimination and anti-retaliation policies and procedures compliant with Section XI.C of this Decree. Kimco shall provide a statement attesting that it has ensured its placement employers have compliant policies and procedures annually during the term of the decree. The Monitor shall report on Kimco's compliance with this obligation in its semi-annual reports to the EEOC.

Kimco will work with the Monitor to develop protocols to ensure that there are proper mechanisms for handling complaints raised by workers placed at placement employers and to ensure that placement employers are informed of complaints of discrimination, harassment, and/or retaliation when raised at their worksites. These protocols will include ongoing communication between Kimco and placement employers regarding such complaints. If complaints involve Kimco employees, then Kimco will investigate such complaints.

J.    Toll-Free Complaint Hotline

Within thirty (30) days of the Effective Date, Defendant Kimco shall ensure that it maintains a Hotline for reporting complaints of discrimination, harassment or retaliation. ("Hotline") that is compliant with this section.  Defendant Kimco shall ensure dissemination of information about the Hotline to all permanent and temporary employees on a semi-annual basis in the language(s) commonly used by

them. The Hotline shall be given to all new employees and made clear that the Hotline is accessible online and via telephone, 24-hours per day and is available in language(s) commonly used by Defendant Kimco's employees.

The Hotline shall operate seven days per week, 24 hours per day. Defendant Kimco with the Monitor shall ensure that all Hotline inquiries and response times are tracked and logged by Defendant Kimco. Once a complaint is received, Defendant Kimco will contact the complainant within 24 hours, and then follow the Internal Complaint Procedure in Section XI.D.  The Monitor shall review and evaluate Defendant Kimco's effectiveness and responsiveness to a Hotline complaint.

Defendant Kimco shall distribute information regarding the Hotline to all employees within thirty (30) days by mailing a paper copy to their personal mailing address or sending an electronic copy to their personal email address. Defendant Kimco shall provide the Hotline to employees hired after the Effective Date within five (5) days of their hiring date, during the onboarding process. Defendant Kimco shall have each employee sign a form acknowledging receipt, which shall be written in languages commonly understood by its employees. The Hotline Flyer shall be disseminated via electronic mail on an annual basis.

K.    Recordkeeping

The records to be maintained shall include:

1.    All communications with the Monitor, Claims Administrator and the EEOC;

2.    All documents related to any complaint of race discrimination, race harassment, or retaliation, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant Kimco's investigation or the placement employer's investigation, and all communications related to the complaint, its investigation, or its resolution;

3.    All personnel and performance related documents related to any person that files a complaint or otherwise reports race discrimination or harassment;

4.    All documents generated in connection with the audits conducted by the Monitor under Section XI.B;

5.    All forms acknowledging employees' receipt of Defendant Kimco's revised Policies and Procedures under Section XI.C;

6.    All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.E;

7.    All evaluation forms created under Section XI.E;

8.    Monthly copies of the Complaint Log, maintained as required under Section XI.F;

9.    All documents reflecting the corrective action taken, if any, in response to managers and recruiters that responded appropriately or inappropriately to discriminatory, harassing, or retaliatory conduct under Section XI.H;

10.    All documents related to Defendant Kimco's obligation to ensure the existence of compliant policies and procedures at each placement employer per Section XI.I;

11.    All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant Kimco determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

12.    All documents related to compliance with the terms of the Decree; and

13.    All documents generated in connection with Defendant Kimco's Hotline per Section XI.J.

Defendant Kimco shall make the aforementioned records available to the EEOC within twenty-one (21) business days following a written request by the

EEOC.

L.    Reporting

      *1.    Initial Report*

Defendant Kimco, through its EEO Monitor, shall submit to the EEOC an initial report within ninety (90) days after the Effective Date containing:

      a.    a statement confirming Defendant Kimco's compliance with Sections IX.A and IX.B under "Claimant Specific Injunctive Relief";

      b.    the revised Policies and Procedures under Section XI.C, including the Internal Complaint Procedure described in Section XI.D;

      c.    the name of the trainer(s) selected, a description of the trainings to be provided, the training materials, and an outline of the curriculum;

      d.    a copy of the Complaint Log, pursuant to Section XI.F, with a summary of the procedures and recordkeeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

      e.    a copy of the revisions to Defendant Kimco's performance evaluation forms, as described in Section XI.H;

      f.    a statement confirming that the notice pertaining to this Decree has been posted pursuant to Sections XI.G; and

      g.    a copy of the flyer regarding the Hotline, pursuant to Section XI.J.

      *2.    Reports Regarding Monetary Relief*

Defendant Kimco shall submit to the EEOC the reports detailed in Section VIII, including but not limited to, written verification of the funding of the Class Fund, reporting on a quarterly basis all checks issued, all checks cashed, and the funds remaining in the class fund, including any uncashed checks.

      *3.    Semi-Annual Report*

Within 180 days from the Effective Date, and semi-annually thereafter,

Defendant Kimco shall provide reports containing:

        a.     A list of all placement employers that Defendant Kimco does business with, including the name of the entity and the address of the relevant worksites;

        b.     Under Section IX.C, a written report that includes (a) a list of all Eligible Claimants that seek placement and (b) either identifies the placement employer, job position, and date of hire, or an explanation why Defendant Kimco was unable to identify a placement acceptable to the Claimant;

        c.     A statement confirming that Defendant Kimco has distributed the revised Policies and Procedures to all employees per Section XI.C;

        d.     Annually, a statement that it has ensured that all placement employers with which it is doing business have compliant policies and procedures, along with a description by the Monitor of how this obligation has been discharged, under Section XI.I;

        e.     Documents verifying the occurrence of all training sessions, including the written materials used, a description of the training, a list of the trainers, and a list of the attendees, pursuant to Section XI.E;

        f.     a statement confirming that the required notices pertaining to this Decree, the revised Policies and Procedures, and the Hotline have been posted pursuant to Sections XI.G, XI.C, and XI.J;

        g.     the name, date, and nature of action taken to award or discipline an employee pursuant to Section XI.H;

        h.     The status of Defendant Kimco's compliance with the terms of the Decree;

        i.     Whether any revisions of Defendant Kimco's policies and procedures regarding racial discrimination, racial harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures.

The Semi-Annual Report shall also include the Monitor's report to the EEOC and Defendant Kimco that describes all work performed pursuant to this Decree and provides the Monitor's feedback and recommendations going forward. The report shall include the Monitor's evaluation and recommendations following the audits under Section XI.B, the trainings under Section XI.E, and review of Defendant Kimco's implementation of the Internal Complaint Procedure and Complaint Log under Sections XI.D and XI.F.  Most importantly, the Monitor's report shall provide feedback regarding Defendant Kimco's good faith efforts to comply with this Decree and Title VII, as well as Defendant Kimco's efforts to ensure employment decisions are made without regard to race, and respond appropriately to harassment, discrimination, and/or retaliation complaints.  The Monitor's report shall cover all the Monitor's responsibilities, as detailed in Section XI.A.

4.     *Exit Report*

Defendant Kimco shall report to the EEOC at least 90 days prior to the expiration of this Decree regarding its compliance with this Decree.  Separately, the Monitor shall report to the EEOC at least 90 days prior to the expiration of this Decree covering all the Monitor's responsibilities, as detailed in Section XI.A and provide feedback regarding Defendant Kimco's compliance with this Decree and Title VII, the results of Defendant Kimco's efforts to diversify the workplace and ensure employment decisions are made without regard to race, and whether Defendant Kimco has responded appropriately to harassment and retaliation complaints.  The Monitor shall make recommendations, where appropriate, for extension of the term of the Decree.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant Kimco shall bear all costs associated with its administration and

implementation of its obligations under this Consent Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov.  Defendant Kimco shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

B.      During the term of this Consent Decree, Defendant Kimco shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant Kimco's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

C.      During the term of this Consent Decree, Defendant Kimco shall assure that each of its directors, officers, human resources personnel, managers, supervisors, and subcontractors are aware of any term(s) of this Decree which may be related to his/her job duties.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XV.

## COUNTERPARTS AND FACSIMILE SIGNATURES

1    This Decree may be signed in counterparts.  A facsimile signature shall have

2 the same force and effect of an original signature or copy thereof.

3    All parties, through the undersigned, respectfully apply for and consent to

4 the entry of this Decree as an Order of this Court.

5

6

7                                  Respectfully submitted,

8                                  U.S. EQUAL EMPLOYMENT

9                                  OPPORTUNITY COMMISSION

10

11

12

13 Date: 5/10/2021                 /s/ Anna Y. Park

14                      By:   Anna Y. Park
                              Attorney for Plaintiff, EEOC
15

16

17 Date: 5/10/2021                 /s/ Jennifer Lutz

18                      By:    Jennifer Lutz
                              Attorney   for   Defendant   Kimco
19                            Staffing Services, Inc.

20

21

22 Date: 5/10/2021                 /s/ Tom Megonigal

23                      By:   Tom Megonigal
                              Representative of Defendant Kimco
24                            Staffing Services, Inc.

25

26

27

28

# EXHIBIT A
## ACKNOWLEDGEMENT AND RELEASE

In consideration for the $ __ paid to me in connection with the resolution of *EEOC v. Kimco Staffing Services, Inc. and Ryder Integrated Logistics, Inc.*, United States District Court for the Central District of California, Case Number 5:19-cv-01838 JFW (SPx), I am releasing any claims that were asserted or could have been asserted against Defendants in the above-referenced civil action, for claims for race discrimination, harassment and/or retaliation arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") and the Fair Employment and Housing Act at the time or prior to the date of this Release. I agree that this means I am agreeing not to sue Defendants with respect to the claims I am releasing.

Nothing in this Agreement shall be deemed to be a release or waiver of (a) any claims that are not waivable under applicable federal, state or local law, and (b) rights under Worker's Compensation or Unemployment Insurance law.  I understand that this agreement does not prohibit me from: (1) Filing a claim with a government agency that is responsible for enforcing a law; however, I understand that I will not be entitled to recover any monetary damages or any other form of personal relief in connection with such a claim, investigation or proceeding; (2) Providing information regarding my employment as may be required by law or legal process; or (3) Cooperating, participating or assisting in any government or regulatory entity investigation or proceeding.

I also understand that the "Defendants" being released includes the following entities and persons: Ryder Integrated Logistics, Inc., Kimco Staffing Services, Inc.

Date: _____ _____   Signature: _____

# EXHIBIT B

## NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:        ALL EMPLOYEES OF KIMCO STAFFING SERVICES, INC.

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Kimco Staffing Services, Inc. ("Kimco"), Case Number 5:19-cv-01838 JFW (SPx).  EEOC filed this lawsuit alleging that employees were subjected to a racially hostile work environment, discrimination in the terms and conditions of their employment based on race, and/ or subjected to retaliation for opposing race discrimination.  In addition to monetary relief, Kimco has agreed to various injunctive remedies such as revising policies and procedures regarding race harassment prevention, training employees regarding race harassment, creating a system for tracking complaints, and providing EEOC with periodic reports.

Kimco has appointed an Equal Employment Opportunity Monitor ("EEO Monitor") to ensure Ryder's compliance with the Decree, to oversee investigation and resolution of all reports of race harassment, discrimination and retaliation, and to ensure equal opportunity for all employees.  If any employee has information regarding race harassment or retaliation, she or he may report it directly to the EEO Monitor.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Kimco is committed to complying with federal anti-discrimination laws in all respects.  Race harassment or discrimination will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been subjected to discrimination or harassment because of your race, you may follow Kimco's procedures and/or you may seek assistance from:

> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 255 East Temple Street, 4th Floor
> Los Angeles, CA  90012
> TELEPHONE NUMBER: (213) 669-4000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: May 25, 2021

The Honorable JOHN F. WALTER
United States District Court Judge